NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3088

EILEEN L. LEVERING,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF AGRICULTURE,

Intervenor.

David S. Pennington, Wright Law Co., LPA, of Dublin, Ohio, for petitioner.

Calvin M. Morrow, Acting Associate General Counsel, United States Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were B. Chad Bungard, General Counsel, and Rosa M. Koppel, Deputy General Counsel.

Steven M. Mager, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for intervenor. With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Todd M. Hughes, Deputy Director.

Appealed from: United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3088

EILEEN L. LEVERING,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent,

and

DEPARTMENT OF AGRICULTURE,

Intervenor.

_____

DECIDED: December 18, 2007

_____

Before LOURIE, BRYSON, and MOORE, Circuit Judges.

PER CURIAM.

## DECISION

Eileen L. Levering petitions for review of a decision of the Merit Systems Protection Board, Docket No. CH-0752-06-0355-I-2, dismissing her petition for lack of jurisdiction. We affirm.

BACKGROUND

Ms. Levering was a Program Technician for the Morrow County, Ohio, Farm Service Agency. On February 3, 2006, the Ohio State Farm Service Agency Committee issued a decision upholding the County Executive Director's proposal to suspend Ms. Levering for 14 days for failing to follow instructions.[1] Shortly thereafter, Ms. Levering sought corrective action from the Merit Systems Protection Board by filing an Individual Right of Action ("IRA") complaint with the Board. See 5 U.S.C. § 1221(a). She asserted an entitlement to relief based on her contention that the 14-day suspension was proposed in retaliation for whistleblowing.

The administrative judge who was assigned to the case issued an order to show cause why the action should not be dismissed for lack of jurisdiction on the ground that Ms. Levering was not an "employee" within the meaning of 5 U.S.C. § 2105, and thus the Board did not have jurisdiction under 5 U.S.C. § 1221(a) to order corrective action. See Hedman v. Dep't of Agric., 915 F.2d 1552 (Fed. Cir. 1990) (holding that the Board lacked jurisdiction over an adverse action appeal by an employee of a state office of the predecessor to the Farm Service Agency). In response to the order to show cause, Ms. Levering did not directly address this court's decision in Hedman or the statutory definition of "employee," but argued that a policy directive issued by the United States Department of Agriculture gave her a right to file an IRA because it constituted a "rule or regulation" conferring jurisdiction on the Merit Systems Protection Board under 5 U.S.C. § 1204(a). The administrative judge, however, ruled that even assuming such a policy

---

[1] Ms. Levering was later removed from employment effective June 11, 2006. She has not sought review of that action.

2007-3088                                        2

directive could serve as a rule or regulation that could grant the Board jurisdiction, the policy directive cited by Ms. Levering specifically provided that it did not have that effect. The administrative judge therefore dismissed Ms. Levering's IRA on the ground that the Board lacked jurisdiction over disciplinary actions involving an employee of a Farm Service Agency established pursuant to 16 U.S.C. § 590h(b)(5). Specifically, the administrative judge noted that Farm Service Agency employees are not appointed by federal employees and thus are not themselves federal employees as that term is defined in 5 U.S.C. § 2105. Hedman v. Dep't of Agric., 915 F.2d 1552 (Fed. Cir. 1990); Miller v. Dep't of Agric. Farm Serv. Agency, 966 F. Supp. 1087 1090 (N.D. Ala. 1997), aff'd, 143 F.3d 1413 (11th Cir. 1998). Because Ms. Levering was not an "employee" as defined in section 2105, the administrative judge held that she was not covered by the remedial provisions of the Civil Service Reform Act, including the Whistleblower Protection Act. After the administrative judge's decision became the final decision of the Board, this appeal followed.

DISCUSSION

Ms. Levering acknowledges that she is not an "employee," as that term is defined in 5 U.S.C. § 2105. Instead, she argues that a Department of Agriculture policy directive brought her within the protection of the Whistleblower Protection Act and gave the Merit Systems Protection Board jurisdiction over her Individual Right of Action.

The policy directive in question provides, in pertinent part, as follows:

No suspensions without pay or removals shall occur before the employee is given a right to reply and, if the employee chooses, exercises that right. 5 CFR 752 procedures should be followed, although these actions are not taken under the provisions of 5 CFR 752.

For proposals to suspend for 14 calendar days or less, the employee shall be given at least 15 calendar days to reply.

. . .

During the proposal (notice) period, the employee will normally remain in a paid duty status. In certain cases, employees may be detailed or reassigned during the notice period. Administrative leave may be used in rare cases, with the approval of DAFO [Deputy Administrator for Field Operations].

The deciding official will make the final decision on suspensions and removals. In some cases the proposing and deciding official will be the same. . . .

County office employees suspended for more than 14 days or removed will have a right to a due process hearing before DAFO.

These revisions do not change the final administrative appellate rights of county office employees. There is no right of appeal to MSPB.

Ms. Levering argues that the Board has jurisdiction over her IRA because the policy directive is a "rule or regulation" that grants jurisdiction to the Board under 5 U.S.C. § 1204(a), which provides that the Board shall hear all matters committed to its jurisdiction by "law, rule, or regulation." Therefore, although Ms. Levering is not an "employee" within the meaning of 5 U.S.C. § 2105—the statute that gives "an employee, former employee, or applicant for employment" the right to seek corrective action from the Board through an IRA—she contends that the policy directive has the effect of adding employees of the Farm Service Agencies to the list of those entitled to bring an IRA before the Board. In particular, she argues that the policy directive should be regarded as a rule or regulation granting jurisdiction to the Board because the policy directive instructs that, for Farm Service Agency employees who are proposed for suspension, the "procedures" of 5 C.F.R. § 752 "should be followed." Because 5 C.F.R. § 752 incorporates the substantive prohibitions of the Whistleblower Protection Act

against "prohibited personnel practices," Ms. Levering argues that, having been accorded the substantive rights of the Whistleblower Protection Act by the policy directive, she is necessarily entitled to bring an IRA under 5 U.S.C. § 1221(a).

We reject that argument. Even assuming that the policy directive qualifies as a "rule or regulation" within the meaning of 5 U.S.C. § 1204(a)(1), and even assuming that the reference in the policy directive to "5 CFR 752 procedures" is interpreted to incorporate all of the substantive provisions of 5 C.F.R. § 752, rather than just the procedural provisions in that regulation, nothing in the regulation grants a right to a "non-employee" to seek relief before the Merit Systems Protection Board. Moreover, nothing in the policy directive purports to give the Merit Systems Protection Board jurisdiction over IRAs brought by "non-employees" such as Ms. Levering. To the contrary, the policy directive specifically states that "[t]hese revisions do not change the final administrative appellate rights of county office employees. There is no right of appeal to MSPB." Thus, nothing in the text of the policy directive indicates that it purports to create rights on the part of Farm Service Agency employees to seek corrective action before the Merit Systems Protection Board. The Board was therefore correct to hold that no rule or regulation granted Ms. Levering the right to bring an Individual Right of Action before the Board.